# Exhibit 7

| | |
|---|---|
| **KRUNCHCASH, LLC**  *Plaintiff*  v.  **THE LAW OFFICES OF JONATHAN RESNICK, *ET AL.***  *Defendants* | **IN THE**  **CIRCUIT COURT**  **FOR BALTIMORE COUNTY**  Case No. C-03-CV-19-004427 |

### ORDER – KRUNCHCASH, LLC'S EMERGENCY PETITION TO APPOINT RECEIVER

KrunchCash, LLC filed an emergency petition to appoint a receiver over the business and property of American Wellness and Health Centers, Inc., Jonathan S. Resnick and Perry A. Resnick. American Wellness and Perry Resnick filed an opposition to the petition for receivership, in which they preliminarily contest jurisdiction and venue and otherwise argue that the Court should deny the petition on substantive grounds. This order does not address the petition for receivership as it related to Jonathan Resnick because he filed a notice of bankruptcy and imposition of automatic stay. The Court held a hearing regarding KrunchCash's petition as it relates to American Wellness and Perry Resnick on July 13, 2020.

As a preliminary matter, the Court concludes that it has personal jurisdiction over American Wellness and Perry Resnick because those defendants have effectively accepted service and/or waived their right to contest the validity of service. The Court also concludes that the pending litigation in the United States District Court for the Southern District of Florida does not make venue improper in this Court.

The appointment of a receiver is governed by the Maryland Commercial Receivership Act, which originated as HB 1065 in the 2019 legislative session of the Maryland General Assembly, unanimously passed in the House of Delegates and in the

Senate, and was signed into law by Governor Hogan on April 30, 2019. The Receivership Act became effective October 1, 2019 and applies to KrunchCash's petition to appoint a receiver. The Receivership Act is codified in sections 24-101 to 24-801 of Maryland's Commercial Law Article.

The Receivership Act provides the legal framework for the petition to appoint a receiver over American Wellness and Perry A. Resnick. Subject to exceptions that are inapplicable to KrunchCash's petition, section 24-103(a) of the Receivership Act provides that it applies to:

>   (1) A receivership for an interest in real property and any personal property that is:
>
>      (i) Related to the real property; or
>      (ii) Used in operating the real property;
>
>   (2) A receivership established under § 3-411 or § 3-415 of the Corporations and Associations Article; or
>
>   (3) Any other receivership in which a receiver is appointed to take possession and control of all or substantially all of a person's property with authority to liquidate the property and, in the case of a business for which the receiver is appointed, wind up the affairs of the business.

Under section 24-201(a)(1) of the Receivership Act, a court may appoint a receiver before judgment "to protect a party that demonstrates an apparent right to property that is the subject of the action, if the property or the revenue-producing potential of the property: (i) Is being subjected to or is in danger of waste, loss, dissipation, or impairment; or (ii) Has been or is about to be the subject of a fraudulent conveyance voidable under Title 15, Subtitle 2 of th[e] [Commercial Law] article." A court may also appoint a receiver in an action seeking dissolution of a corporation or, pursuant to section 24-103(a)(3) of the Receivership Act for "[a]ny other receivership in

which a receiver is appointed to take possession and control of all or substantially all of a person's property with authority to liquidate the property and, in the case of a business for which the receiver is appointed, wind up the affairs of the business."

The appointment of a receiver "is an extraordinary remedy, which should be granted with great care." *Hamzavi v. Bowen*, 126 Md. App. 492, 497 (1999) (quoting *First Union Savings & Loan, Inc. v. Bottom,* 232 Md. 292, 296 (1963)). "[I]f it does not clearly appear that there is fraud, spoliation, or imminent danger of the loss of the property unless immediate possession is taken by the court, a receivership should not be ordered." *Id.* at 497-98 (quoting *Brown v. Brown,* 204 Md. 197, 211 (1954)). A court should not appoint a receiver on anticipated grounds. *Id.* at 498 (citing 65 AM.JUR.2D *Receivers,* § 27 (1972)). Rather, there must be an "imminent danger of the property being lost, injured, diminished in value, destroyed, squandered, wasted, or removed from the jurisdiction." *Id.* (citing 65 AM.JUR.2D, *supra,* § 27)).

The Receivership Act authorizes, but does not mandate, the appointment of a received under certain circumstances. This case presents a close call. Although KrunchCash may ultimately be entitled to a judgment to enforce its rights under various loan documents and its alleged first-priority security interests, and may have process(es) by which it could seek to enforce any future judgment, the Court concludes that the extraordinary remedy of appointing a receiver is not currently warranted under the circumstances. It is **ORDERED** that KrunchCash's emergency petition to appoint a receiver over the business and property of American Wellness and Health Centers, Inc. and Perry A. Resnick is **DENIED**.

July 15, 2020

_____
Judge Dennis M. Robinson, Jr.

Entered: Clerk, Circuit Court for
Baltimore County, MD
July 15, 2020