UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80141-Civ-Brannon

LB PHARMA SERVICES, LLC,

    Plaintiff,

v.

KRUNCHCASH, LLC, *et al.*,

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"). [DE 48]. Plaintiff responded and Defendants replied. [DE 49 & 50]. The Court held a hearing on the Motion on September 24, 2020. [DE 54]. The Court has reviewed the supporting and opposing filings, the record, and is otherwise fully advised in the premises. Because the Plaintiff has failed to meet its burden of establishing this Court's subject matter jurisdiction over this case, this action is **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff is LB Pharma Services, LLC ("LB Pharma"). [DE 44 ¶ 1]. LB Pharma operates retail pharmacies ("Plaintiff Pharmacies"). *Id.* ¶ 9. Plaintiff's Pharmacies include the following: 1) JSW Prosperity, LLC d/b/a 1 Stop Pharmacy; 2) Care Pharma LLC d/b/a Wilson County Pharmacy; 3) Omega Care Pharmacy, Inc.; 4) Eagle Lake Pharmacy, Inc. d/b/a Eagle Lake Pharmacy; 5) Sam's Pharmacy, Inc. d/b/a Sam's Pharmacy; 6) Lake Side Pharmacy; 7) Our Pharmacy, LLC d/b/a Serve and Save Pharmacy; 8) BN Specialty, LLC; 9) Price Choice Pharmacy #3 LLC; and, 10) SHB RX LLC d/b/a Gunter Pharmacy. *Id.* n. 3. Plaintiff Pharmacies serviced

1

patients by dispensing medications and pharmaceutical products upon receipt of facially valid prescriptions authorized by healthcare providers.  *Id.* ¶ 9.  Upon dispensing such medications, LB Pharma submits claims for reimbursement to the patient's health plans that provide pharmacy benefits.  *Id.*

Defendant Jeffrey Hackman is the owner and Chief Operating Officer of Defendant KrunchCash, LLC, ("KrunchCash") (together, "Defendants").  *Id.*  ¶ 10.

The dispute between the parties stems from their Master Purchase Agreement ("MPA").  [DE 48-1].  The purpose of the MPA is identified as follows: "Seller desires to sell to Buyer all of its right, title and interest in and to certain mutually agreed upon insurance claims for medical goods and services from insurance companies, thereby creating healthcare insurance receivables and accounts receivable[.]"  [DE 48-1 at 1].

The MPA defined the "Buyer" as KrunchCash and the "Seller" as LB Pharma "and its Affiliates."  *Id.*  Seller's "Afilliates" "includes without limitation, Nicole Buzzetta, Ken Luna," and certain Plaintiff Pharmacies.  *Id.* at 6.

The signatories to the MPA are: KrunchCash, LB Pharma, Mr. Luna, Mrs. Buzzetta, and certain Plaintiff Pharmacies.  *Id.*  at 9.

LB Pharma filed its initial complaint on January 30, 2020 and amended its complaint on February 20, 2020.  [DE 1, 6].  LB Pharma alleges that, under the guise of an MPA, Defendants set up a predatory lending scheme, whereby Defendants collect an excessive, illegal interest rate on predatory loans.  [DE 44. ¶ 27].  LB Pharma alleges violations of Florida Usury Statute § 687.02; violation of the Florida Deceptive and Unfair Trade Practices Act; violation of Florida Civil Remedies for Criminal Practices Act; and fraud.  *Id.* ¶¶ 76, 87, 92, 100.  LB Pharma claims entitlement to punitive damages, and direct personal liability of Mr. Hackman.  *Id.*  ¶¶ 105, 117.

LB Pharma further alleges abuse of process and violation of procedural due process clause of the Fourteenth Amendment. *Id.* ¶¶ 127, 129.  LB Pharma seeks both a declaratory judgement and injunctive relief preventing Defendants from taking any further action in the Circuit Court for Baltimore County, Maryland where KrunchCash is seeking a confession of judgment under the MPA at issue here.  *Id.* ¶¶ 139, 141.

Because the operative complaint asserted diversity jurisdiction but failed to identify the citizenship of LB Pharma's members, LB Pharma was ordered to file a declaration identifying the citizenship of each of its members and the parties were ordered to file a joint statement to make clear the basis of jurisdiction in this case.  [DE 40].

In the joint statement, LB Pharma's position is that the Court has diversity jurisdiction. [DE 42].  In Mr. Luna's attached declaration, he states that he is the "sole shareholder of LB Pharma Services, LLC" and that he is a citizen and resident of Texas.  [DE 41-1].

By contrast, according to Defendants, Mrs. Buzzetta, a Florida resident, was a member of LB Pharma at the time this action was filed, hence the "LB" in LB Pharma.  [DE 42].  In support of their position, Defendants' attach an organizational chart of LB Pharma that was provided to them by LB Pharma in June 2018.  [DE 42-1 at 2].  The organizational chart shows two 50/50 owners of LB Pharma—Mr. Luna and Mrs. Buzzetta.  *Id.*  Defendants also point out that in the over twenty purchase addenda to the parties' MPA executed in 2018 and 2019, both Mr. Luna and Mrs. Buzzetta executed the agreements as "Managers" of LB Pharma. [DE 53-3].  Defendants also informed the Court that on January 30, 2020 (the same date that the initial complaint was filed in this action), Mr. Luna, Mrs. Buzzetta, and SCI Collaboration, LLC (owned by Mr. Luna and Mrs. Buzzetta) commenced an action in the United States District Court for the District of Oregon that

3

asserts that "Plaintiff Nikki Buzzetta . . . is a resident of Florida." [DE 42-3 at ¶ 2]; *see also SCI Collaboration, LLC, et al. v. Sports Car Intl.,* Case No. 3:20-cv-00170-AC (D. Ore. Jan. 30, 2020).

In reviewing the joint statement and the accompanying evidence in support of the parties' positions, the Court found that Mr. Luna's declaration lacked any indication that he was the sole member of LB Pharma and a citizen of Texas *at the time the complaint was filed*. [DE 43]. The Court also noted that a review of the record indicates that a Florida resident may have been a member of LB Pharma at the time the complaint was filed. *Id.* As such, LB Pharma was ordered to either amend its complaint to correct the diversity allegations or file a notice of dismissal. *Id.*

On July 2, 2020, LB Pharma filed the operative complaint. [DE 44]. LB Pharma alleged diversity jurisdiction and stated that "Ken Luna was the sole member of Plaintiff, was a citizen of Texas, and domiciled in Texas at the time Plaintiff filed the original Complaint on January 30, 2020 in this Court. Therefore, Plaintiff, LB Pharma Services, LLC is a citizen of Texas." *Id.* at ¶1, (footnote omitted).

On July 23, 2020, Defendants' filed the instant Motion, arguing that there is no subject matter jurisdiction over this lawsuit because 1) LB Pharma has not established that all of its members are diverse from Defendant; 2) there are necessary and indispensable parties to this action that also destroy diversity; and 3) LB Pharma failed to sufficiently plead a federal question. Defendants also argue that LB Pharma has failed to state a claim as to each count in the operative complaint. [DE 48].

After reviewing the supporting and opposing filings, the Court determined that a hearing on the Motion was necessary. [DE 51]. Because of the factual challenge to the Court's subject matter jurisdiction, the Court ordered LB Pharma to submit any evidence in support of its position and permitted Defendants to do the same. *Id.* Both parties filed submissions. [DE 52; DE 53].

The Court held a hearing on the Motion on September 24, 2020.  [DE 54].  Based on the evidence and the arguments of the parties, the Court permitted the parties to supplement the record with any additional evidence in support for their position on the factual challenge to jurisdiction.  [DE 54].   Both parties filed submissions.  [DE 56, 57, 58, 61].  The relevant evidence before the Court on the diversity of the parties is as follows:

On the date this action was commenced, Defendants were citizens of Florida, and Mr. Luna, a member of LB Pharma, was a citizen of Texas.  [DE 1; DE 45-1].  Mrs. Buzzetta was a resident of Florida.  [DE 42-3 at ¶ 2].

LB Pharma was formed and organized as a Delaware Limited Liability Company on January 23, 2017.  [DE 52-1 at 5].  Patrick Brickhouse of A Registered Agent, Inc., was the organizer of LB Pharma.  [DE 52-1 at 8].  On the same day LB Pharma was formed and organized, Mr. Brickhouse relinquished singing authority to Mr. Luna, a member who "owns an interest in [LB Pharma]."   [DE 52-1 at 9].  According to Mr. Luna, he is sole member and owner of LB Pharma since its formation and there have been no changes to the membership.  [DE 52-1 at 2]. Mr. Luna attached a letter from the IRS sent to him on January 24, 2017 in response to his application for an Employer Identification Number.  [DE 52-1 at 11].  The letter is addressed to "LB PHARMA SERVICES LLC KEN LUNA SOLE MBR".  *Id.* According to Mr. Luna, although he had a general idea that the company name should be related to his first name and pharmaceutical business, the "'LB'" of [LB Pharma] does not stand for anything."  [DE 57-1 at 2].

Mr. Luna and Mrs. Buzzetta have known each other since approximately 2015.  According to Mrs. Buzzetta and Mr. Luna, she was hired as an employee of LB Pharma and managed the pharmacies' day-to-day operation and was paid a salary.  [DE 56-1 at 1; DE 52-1 at 17].  Mrs. Buzzetta is a defendant in the Maryland action where KrunchCash is seeking a confession of

judgment regarding their transactions under the MPA.  [DE 55-1].  According to Mrs. Buzzetta, "LB Pharma Services, LLC does not stand for 'Luna Buzzetta Pharma Services, LLC.'"  *Id.*

On June 28, 2018, Mr. Luna and Mrs. Buzzetta sent two emails to Mr. Hackman that included two LB Pharma organizational charts as an attachment. [DE 53-1]. The organizational charts identified Mr. Luna and Mrs. Buzzetta as 50/50 owners of LB Pharma.  *Id*.  According to Mr. Luna, he provided an organizational chart that included Mrs. Buzzetta because Mr. Hackman required that she be included in order for KrunchCash to enter into the MPA.  [DE 57-1].

Ms. Buzzetta signed the MPA in her personal capacity, including the two amendments to the MPA. [DE 53-2]. She also signed twenty-one Purchase Addendums to the MPA in 2018 and 2019 as a Manager of LB Pharma. [DE 53-3]. Over the same timeframe, there were an additional four Amended Restated Purchase Addendums that Ms. Buzzetta signed as LB Pharma's Manager. [DE 53-4]. According to Mrs. Buzzetta, she reluctantly signed these documents to help Mr. Luna because Mr. Hackman would not otherwise sign the MPA.  [DE 56-1 at 2].

Mr. Luna and Mrs. Buzzetta are owners of at least four LLCs.

In Texas, Mr. Luna and Mrs. Buzzetta are both "Managing Members" of an entity called Wilson County Pharmacy Acquisitions, LLC.   [DE 56-3].  This entity was formed in December 2017.  *Id.*  Wilson County Pharmacy, d/b/a of Care Pharmacy, LLC is a signatory to the MPA at issue. [DE 48-1 at 9].

Also in Texas, Mr. Luna and Mrs. Buzzetta are both "Managing Members" of an entity called Rx Staffing, LLC.  DE 56-4.  This entity was formed in January 2018.  *Id.*

In Florida, Mr. Luna and Mrs. Buzzetta are managers and members of an entity called SCI Collaboration, LLC.  [DE 42-3 at ¶ 2]; *see also SCI Collaboration, LLC, et al.,* Case No. 3:20-cv-00170-AC, D.E.1 (D. Ore. Jan. 30, 2020).  This entity was formed on March 21, 2019.

Also in Florida, Mr. Luna and Mrs. Buzzetta are named manager and members of an entity called LB Cultural Ent., LLC. [DE 56-2]. This entity was formed on June 1, 2019.

## II. LEGAL STANDARD

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

In a factual challenge to jurisdiction, the allegations in the complaint are not controlling. *See McElmurray v. Consul. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). In resolving a factual attack, the Court must weight evidence relating to jurisdiction. *Mirabella Foundation v. Saint Claire Livestock Investments, Inc.,* 09-2212-CIV, 2009 WL 5197842, at *3 (S.D. Fla. Dec 23, 2009); *see also Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). The burden is on the plaintiff to prove that jurisdiction exists. *OSI, Inc. v. United States,* 285 F.3d 947, 951 (11th Cir. 2002). Moreover, when considering subject matter jurisdiction based on diversity, it is "the state of facts that existed at the time of filing" that is relevant. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). Plaintiff must demonstrate that diversity exists by a preponderance of evidence. *Molinos Valle Del Cibao v. Lama,* 633 F.3d 1331, 1340 (11th Cir. 2011).

Finally, "[w]here dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) (internal quotation marks omitted); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not

7

consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

## III.   DISCUSSION

LB Pharma alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for jurisdiction. [DE 42, 44].[1]  *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction").  Defendants have challenged, and the Court has independently questioned, subject matter jurisdiction in this case.  After careful consideration, the Court finds that LB Pharma has not met its burden to prove that the Court has subject matter jurisdiction over this case.

Mr. Luna's affidavit indicates that he is the sole member of LB Pharma, but the documents of the LLC's formation are not informative.  In Delaware, members of an LLC are not made public, members derive their ownership interest from the LLC's operating agreement, there is no requirement to have an operating agreement, and if an operating agreement exists, it can be oral or implied. *See generally* Delaware Limited Liability Company Act, 6 DEL. C. § 18.  Moreover, the fact that Mr. Brickhouse relinquished singing authority to Mr. Luna, a member who "owns an interest in [LB Pharma]" does not establish that Mr. Luna is the sole member of the LLC.  Mr. Luna's letter from the IRS does not indicate that it has the LLC's operating agreement to explain why it was addressed to Mr. Luna in that manner.  Instead, the letter only indicates that it was sent in response to Mr. Luna's submitted application.

---

[1] Despite LB Pharma's statement for jurisdiction in its complaint and in its ordered status report, the Court notes that the operative complaint also claims that Defendants' use of the Maryland courts deprived LB Pharma of its due process rights.  However, merely mentioning a constitutional provision or a federal statute, without providing factual detail that is comprehensible, is not sufficient to establish federal question jurisdiction. *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998).

8

Prior to the commencement of this action, and before the parties were adversaries, the organizational chart provided by Mr. Luna and Mrs. Buzzetta show they are 50/50 owners of LB Pharma. Both Mr. Luna and Mrs. Buzzetta now assert that the organizational chart provided to Defendants is false and this inaccurate information was required by Defendants in order to sign the MPA. In addition, Ms. Buzzetta personally guaranteed the MPA, including the two amendments to the MPA. She also signed twenty-one Purchase Addendums to the MPA in 2018 and 2019 as a Manager of LB Pharma. Over the same timeframe, there were an additional four Amended Restated Purchase Addendums that Ms. Buzzetta signed as LB Pharma's Manager. Further, under the MPA, Ms. Buzzetta agreed to be an "Affiliate" of LB Pharma, with "the power to direct or cause the direction of the management or policies" of LB Pharma, "whether through the ownership of voting securities, by contract or otherwise." It is contrary to logic for a mere employee to personally guaranty the debts of her employer. It also would seem against Mrs. Buzzetta's interests to hold herself out as a 50/50 owner of LB Pharma unless that is true. It is further troubling that false documents would be submitted to consummate a deal.

Mr. Luna and Mrs. Buzzetta own at least four LLCs together. The affidavits of Mr. Luna and Mrs. Buzzetta are silent as to whether these four are the only partnerships between them. In fact, both affidavits fail to acknowledge that any partnerships exist between them at all. The evidence submitted by LB Pharma not only fails to address the several LLCs owned by Mr. Luna and Mrs. Buzzetta, but also fails to explain why this particular LLC is a single member LLC when the evidence before the Court indicates that is not their course of dealing. Also, declaring that the "LB" of LB Pharma "does not stand for anything" when their initials together are "LB" and when they have at least one other LLC with "LB" in the name, cuts against the weight of their affidavits.

The assertion that the LB initials were meaningless is not credible. Even assuming the L stands for Luna, there are 25 other two-initial combinations which could have been chosen.

Serious doubt has been cast upon whether LB Pharma is a single member LLC as alleged. Since June of 2020, as the Court's doubts regarding jurisdiction grew, the Court prompted LB Pharma to present evidence of the Court's jurisdiction on several occasions. Mr. Luna and Mrs. Buzzetta have an extensive history, existing business ventures, and in addition to this case (where Mrs. Buzzetta is not named as a party), they are involved in at least two pending cases. Given the history and dealings of Mr. Luna and Mrs. Buzzetta and the Court's active inquiry into this matter, the Court finds that if any documents existed to sufficiently establish that this particular LLC was solely owned by Mr. Luna, LB Pharma would have submitted them to the Court. LB Pharma did not. The preponderance of the evidence does not establish the LB Pharma was a single member LLC at the time the complaint was filed. Because the Court is not assured of its subject matter jurisdiction, it cannot consider the merits of the complaint.

## IV.     CONCLUSION

Based on the evidence presented, LB Pharma did not meet its burden to establish the Court's subject matter jurisdiction over this case. The Court previously ordered LB Pharma to amend its complaint to cure jurisdictional defects and has allowed ample opportunity to present evidence on this issue. The Court finds that granting leave to again amend the complaint would be futile based on the evidence and arguments already presented.

Accordingly,

1. Defendants' Motion to Dismiss [DE 48] is **GRANTED IN PART.** As described above, all other arguments raised in the Motion are moot.

2. This action is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

3. The Clerk of Court shall **CLOSE** this case.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 20th day of October, 2020.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE